Agostino & Associates, PC.
Attorneys for Plaintiffs
By: Frank Agostino, Esq.
14 Washington Place
Hackensack, New Jersey 07601
Telephone: (201) 488-5400
Fax: (201) 488-5855
Email: FAgostino@Agostinolaw.com


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**


| | | |
|---|---|---|
| Michael T. Cohen, individually, and As the Executor of the Estate of Arielle Hart Cohen, | ) ) ) ) | Docket No. |
| Plaintiffs, | ) ) | COMPLAINT |
| v. | ) ) | |
| United States of America, | ) ) | |
| Defendant. | | |


Plaintiffs Michael T. Cohen ("Mr. Cohen"), individually, and Michael T. Cohen, as the Executor of the Estate of Arielle Hart Cohen, by and through their attorneys, Agostino & Associates, P.C., hereby allege as follows:

<u>INTRODUCTION</u>

1. This complaint arises from a partial claim disallowance issued by the Internal Revenue Service ("IRS") on October 7, 2015 ("Partial Claim Disallowance"), which disallowed Plaintiffs' 2007 charitable contribution deduction of an open space and architectural façade easement, on a property located at 49 East 80th Street, New York, New York 10075, granted to the

Trust for Architectural Easement f/k/a the National Architectural Trust ("Trust").

## THE PARTIES

2. Mr. Cohen is a citizen of the United States of America, presently residing at 49 East 80th Street, New York, New York 10075.

3. Mr. Cohen is the executor of the Estate of Arielle Hart Cohen, deceased on January 15, 2009.

4. Defendant is the United State of America, sued herein to review the actions of its agency, the Internal Revenue Service.

## JURISDICTION

5. Plaintiffs bring this action to recover federal income tax erroneously assessed and collected by the IRS for the 2007 tax year, plus interest thereon.

6. IRS erroneously disallowed a deduction for a charitable contribution of property made in accordance with I.R.C. § 170.

7. IRS asserted a gross valuation misstatement penalty under I.R.C. § 6662(h) as an offset to the refund due Plaintiffs.

8. Jurisdiction is therefore conferred upon this court pursuant to 28 U.S.C. §§ 1331, 1340, and 1346 (a)(1).

<u>**VENUE**</u>

9.    A  substantial  part  of  the  events  or  omissions  giving rise to the claim occurred in New York County, New York.

10.   The  property  that  is  the  subject  of  this  action  is situated in New York County, New York.

11.   Mr. Cohen resides in New York County, New York.

12.   Venue  is  thus  proper  in  the  United  States  District Court  for  the  Southern  District  of  New  York  pursuant  to  28 U.S.C. §§ 1391(b) and 1402.

<u>**FACTS COMMON TO ALL COUNTS**</u>

13.   Plaintiffs  incorporate  paragraphs  1  through  12  of  the Complaint as if set forth fully herein.

<u>The Subject Property</u>

14.   Mr.  Cohen  purchased  the  real  property  commonly  known as 49 East 80th Street, New York, New York ("Subject Property") on or about May 2, 1988.

15.   The  Subject  Property  is  situated  in  the  Upper  East Side neighborhood of Manhattan, New York.

16.   The  Subject  Property  is  not,  and  has  never  been, located in a historic district.

17.   The Subject Property was, and is, not subject to the restrictions  imposed  by  New  York  City  and  its  Landmarks Preservation Commission.

18.   The Subject Property includes a lot that contains 2,554 square feet (calculated as 25 feet of frontage on the north side of East 80th Street by 102 feet and 2 inches of depth) and a residence thereon ("Residence").

19.   The Residence was added to the National Park Service's National Register of Historic Places on November 15, 2007.

20.   The National Register of Historic Places is the official list of the United States' historic places worthy of preservation, as authorized by the National Historic Preservation Act of 1966, Pub. L. 89-655, 80 Stat. 9156.

21.   The Residence is a five-story Art Deco style townhouse designed by Harry Allan Jacobs and built in or around 1929 or 1930.

22.   The Residence was the first, and is widely understood to be the only, Art Deco style townhouse built in New York City.

The Grant of the Easement and the Cash Donation to the Trust

23.   During 2007, Mr. Cohen executed a conservation deed of easement ("Deed") granting an open space and architectural façade easement on the Residence ("Easement") to the Trust.

24.   At all relevant times, the Trust was a tax exempt entity under I.R.C. § 501(c)(3).

25.   At all relevant times, the Trust was a qualified organization under I.R.C. § 170(h)(3).

4

26.   The Deed was executed by Mr. Cohen on November 28, 2007.

27.   The Deed was accepted by the Trust on or about December 19, 2007.

28.   The Deed was recorded by the New York City Department of Finance, Office of the City Register, on December 21, 2007.

29.   The Deed granted to the Trust an easement in gross and in perpetuity in, on, and to the Subject Property, the Residence, and the existing façades on the front, side and rear of the building and the height of the Building (collectively, "Protected Façades").

30.   The Deed prohibits Mr. Cohen from undertaking or permitting to be undertaken, in addition to other prohibited acts, the following: any alteration, construction, or remodeling of existing improvements on the Protected Façades, and any exterior extension of existing improvements on the Subject Property or the erection of any new or additional exterior improvements on the Subject Property or in the open space above or surrounding the Residence.

31.   The Easement preserved the existing front, rear, top, and any exposed sides of the Residence.

32.   The Deed also included an attachment which provided a metes and bounds description of the Subject Property covered under the Easement.

33.   The Easement imposed significant restrictions on the land use of the Subject Property that were not already protected under local law.

The 2007 Appraisal

34.   In connection with the contribution of the Easement to the Trust, Mr. Cohen retained Jerome Haims Realty, Inc. to appraise the Easement.

35.   Eric P. Haims, MAI, MRCIS, ("Mr. Haims") is, and was at all relevant times, certified as a general real estate appraiser by the State of New York.

36.   Mr. Haims inspected the Subject Property and completed a Summary Appraisal of a Historic Preservation Easement Located at the Subject Property dated December 4, 2007 ("2007 Appraisal").

37.   The 2007 Appraisal concluded that the fair market value of the Easement was equal to $3,000,000.00 as of November 13, 2007.

The Original Return

38.   Plaintiffs filed with the IRS a 2007 Form 1040, *U.S. Individual Income Tax Return* ("Original Return").

39.   The Original Return reported a noncash charitable contribution with respect to the Easement in the amount of $3,075,000.00.

40.   In connection with the donation of the Easement and Plaintiffs' charitable contribution deduction, Plaintiffs attached to the Original Return: a copy of the 2007 Appraisal; a Form 8283, *Noncash Charitable Contributions*, duly acknowledged by Victoria McCormick on behalf of the Trust and containing an appraiser's declaration by Mr. Haims; and, a separate declaration from Mr. Haims that he understood that a "substantial or gross valuation misstatement resulting from an appraisal of the value of the property that [he] knows, or reasonably should have known, would be used in connection with return or claim for refund may subject [him] to a civil penalty."

41.   The Form 8283 filed with the Original Return described the donated property as a "Qualified Conservation Contribution" and a "Historic Preservation Easement," and disclosed that the appraised fair market value of the Easement equaled $3,075,000.00.

The Audit

42.   IRS audited the Original Return and disallowed $3,000,743.00 of the $3,075,000.00 noncash charitable contribution deduction claimed on the Original Return with respect to the Easement.

43.   Plaintiffs paid the resulting deficiency in the amount of $1,219,168.64 on August 10, 2011.

7

The 2013 Appraisal

44.  In connection with the audit and the claim for refund, a second appraisal of the Easement was performed by Nicol Valuation Services, Ltd.

45.  Gary A. Miller, MAI ("Mr. Miller"), is, and was at all relevant times, certified as a general real estate appraiser by the State of New York.

46.  Mr. Miller inspected the Subject Property and completed a self-contained narrative appraisal of the Easement ("2013 Appraisal").

47.  The 2013 Appraisal concluded that the fair market value of the Easement was equal to $2,700,000.00 on December 19, 2007.

48.  To derive the fair market value of the Easement, Mr. Miller used the "before and after" method to determine the value of the Easement.

49.  Mr. Miller concluded that the before value of the Subject Property was equal to $18,500,000.00, that the after value of the Subject Property was equal to $15,800,000.00, and that the fair market value of the Easement was equal to $2,700,000.00.

The Claim for Refund

50.  On August 5, 2013, Mr. Cohen filed with the IRS a 2007 Form 1040X, *Amended U.S. Individual Income Tax Return* ("Amended Return").

51.  As part of the Amended Return, Plaintiffs claimed a refund in the amount of $1,170,210.00.

52.  The basis for the refund claim was the 2013 Appraisal, which concluded that the fair market value of the Easement, as of December 19, 2007, equaled $2,700,000.00.

Administrative Proceedings

53.  Plaintiffs' claim for refund was assigned to an auditor on or about May 16, 2014.

54.  The IRS issued the Partial Claim Disallowance on October 7, 2015.

55.  The Partial Claim Disallowance stated that the amount claimed was $945,000.000 and the disallowed amount was $876,758.00, leaving an allowable refund of $68,250.00.

56.  The Partial Claim Disallowance also stated that a gross valuation misstatement penalty applied pursuant to I.R.C. § 6662(h).

57.  The gross valuation misstatement penalty asserted was equal to the claim amount allowed, resulting in an allowable refund of zero.

58.   The IRS Office of Appeals issued a notice, dated March 22, 2017, disallowing any adjustment to tax due.

59.   The March 22, 2017 letter also stated that Appeals does not accept the value of the property as per the 2013 Appraisal and, further, any refund due would be reduced by the I.R.C. § 6662(h) 40% gross misstatement valuation penalty

60.   Plaintiffs have exhausted all available administrative remedies.

## COUNT ONE

(Charitable Deduction Refund)

61.   Plaintiffs incorporate by reference and re-allege as if fully set forth herein the allegations set forth in Paragraphs 1 though 60 above.

Qualified Conservation Contribution

62.   Plaintiffs are entitled to a charitable contribution deduction for the 2007 tax year pursuant to I.R.C. § 170.

63.   I.R.C. § 170(a)(1) allows a deduction for any charitable contribution made within the taxable year.

64.   Plaintiffs made a qualified conservation contribution pursuant to I.R.C. § 170(f)(3)(B)(iii) and (h)(1) in 2007.

65.   The Easement was a restriction granted in perpetuity on the Plaintiffs' use of the Subject Property.

66.   The Easement was a qualified real property interest pursuant to I.R.C. § 170(h)(2)(C).

67.   The Trust was exempt from Federal tax under I.R.C. § 501(c)(3).

68.   The Easement was contributed to a qualifying organization under I.R.C. § 170(h)(1)(B).

69.   The Easement was contributed exclusively for conservation purposes in accordance with I.R.C. § 170(h)(4),(5).

70.   The Residence was listed in the National Register of Historic Places on or about November 15, 2007, and therefore is a certified historic structure within the meaning of I.R.C. § 170(h)(5).

71.   The Easement preserved a certified historic structure as of 2007, the year in which the Deed was recorded.

Charitable Contribution Deduction Amount

72.   The correct noncash charitable contribution deduction amount for the 2007 tax year is $2,700,000.00.

73.   The charitable contribution deduction amount is based on the fair market value of the Easement as described in the 2013 Appraisal.

Contemporaneous Written Acknowledgement

74.   The Trust acknowledged the receipt of the Easement by letter addressed to Mr. Cohen and dated March 28, 2008 ("Acknowledgement Letter").

75.   The  Acknowledgement  Letter  is  a  contemporaneous written  acknowledgement  within  the  meaning  of  I.R.C.  § 170(f)(8).

76.   The  Acknowledgement  Letter  stated  the  amount  of  cash and  a  description  of  any  noncash  property  contributed,  as required by I.R.C. § 170(f)(8)(B)(i).

77.   The  Acknowledgement  Letter  stated  that  the  Trust provided  services  in  consideration  of  the  contributed  property, as required by I.R.C. § 170(f)(8)(B)(ii).

78.   The  Acknowledgement  Letter  described  the  services performed  and  provided  a  good  faith  estimate  of  the  value  of  the services received, as required by I.R.C. § 170(f)(8)(B)(iii).

79.   The  Acknowledgement  Letter  was  obtained  on  March  28, 2008,  before  the  due  date  (including  extension)  of  the  Original Return.

The Appraisal Summary

80.   Plaintiffs  attached  the  Form  8283  to  the  Original Return.

81.   Form 8283 satisfies the appraisal summary requirement.

82.   The  appraisal  summary  was  made  on  the  form  prescribed by the IRS, being Form 8283.

83.   Form  8283  was  signed  by  Victoria  McCormick,  the  Vice President of the Trust, on March 28, 2008.

84.  Form 8283 was signed by Mr. Haims, the qualified appraiser, on December 19, 2007.

85.  Form 8283 included all information required by Treas. Reg. § 1.170A-13(c)(2).

<u>Qualified Appraisal Report</u>

86.  Plaintiffs attached a qualified appraisal of the Easement to the Original Return.

87.  The 2007 Appraisal was a qualified appraisal under I.R.C. § 170(f)(11)(E) as it included the following information:

a.  A description of the Subject Property in sufficient detail for a person who is not generally familiar with the type of property to ascertain that the property that was appraised is the property that was contributed;

b.  The physical condition of the Subject Property;

c.  The date (or expected date) of contribution to the donee;

d.  The terms of any agreement or understanding entered into (or expected to be entered into) by or on behalf of the donor or donee that relates to the use, sale, or other disposition of the property contributed;

e.  The name, address, and the identifying number of the qualified appraiser, and, if the qualified appraiser is acting in his or her capacity as an employee of any person (whether an individual, corporation, or partnerships [sic]),

the name, address, and taxpayer identification number of   the person who employs or engages the qualified appraiser;

f.   The qualifications of the qualified appraiser who signs the appraisal, including the appraiser's background, experience, education, and membership, if any, in professional appraisal associations;

g.   A statement that the appraisal was prepared for income tax purposes;

h.   The date (or dates) on which the property was appraised;

i.   The appraised fair market value (within the meaning of § 1.170A-1(c)(2)) of the property on the date (or expected date) of contribution;

j.   The method of valuation used to determine the fair market value, such as the income approach, the market-data approach, or the replacement-cost-less depreciation approach; and,

k.   The specific basis for the valuation, such as specific comparable sales transactions or statistical sampling, including a justification for using sampling, and an explanation of the sampling procedure employed.

<u>Qualified Appraiser</u>

88.   Plaintiffs attached to the Original Return a qualified appraisal prepared by a qualified appraiser.

89.   Mr. Haims was a qualified appraiser as required by I.R.C. § 170(f)(11)(E)(ii):

a.   Mr. Haims earned an appraisal designation from a recognized professional organization, the Appraisal Institute;

b.   Mr. Haims regularly performs appraisals for which he receives compensation;

c.   Mr. Haims meets the regulatory requirements imposed by Treas. Reg. § 1.170A-13(c)(5)(i); and,

d.   Mr. Haims attached to the Original Return a declaration confirming that he met all the requirements of Treas. Reg. § 1.170A-13(c)(5)(i) and did not receive a prohibited appraisal fee.

e.   Mr. Haims has previously been found to be a qualified appraiser. <u>Accord</u> <u>Gorra v. Commissioner</u>, T.C. Memo 2013-254, <u>Zarlengo v. Commissioner</u>, T.C. Memo 2014-161.

## <u>COUNT TWO</u>

(Section 6662(h) Gross Misstatement Valuation Penalty)

90.   Plaintiffs incorporate by reference and re-allege as if fully set forth herein the allegations in Paragraphs 1 though 89 above.

91.   Plaintiffs did not misstate the valuation of their charitable contribution.

92. The amount of Plaintiffs' charitable contribution, and the deduction taken therewith, was not misstated by 200% or more.

93. Plaintiffs were not issued a notice of deficiency in connection with the Original Return or the Amended Return.

94. The Defendant has not satisfied the notice of penalty, pursuant to I.R.C. § 6751(a), containing information regarding the name of the penalty, the penalty section, and the penalty computation.

95. The Defendant has not issued a personal approval (in writing) of the initial determination by the immediate supervisor of the individual making this penalty determination, pursuant to I.R.C. § 6751(b).

96. As a result, the IRS was not authorized to assess a penalty pursuant to Section 6662(h).

## <u>REQUESTS FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that the Court (i) vacate the IRS's Partial Claim Disallowance; (2) allow Plaintiffs their full charitable contribution deduction for the 2007 tax year in the amount of $2,700,000.00; (3) direct the Defendant to refund Plaintiffs' overpayment of tax in the amount of $1,170,000.00, including interest; (4) direct the Defendant to dismiss and/or abate the imposition of the I.R.C. § 6662(h) gross valuation misstatement penalty; (5) award Plaintiffs costs and attorneys' fees pursuant to I.R.C. § 7430; and, grant Plaintiffs such other and further relief as the Court deems appropriate and just (or just and proper).

Dated:

<div style="margin-left: 3em;">

Respectfully submitted,

/S/ Frank Agostino_____
Frank Agostino
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Telephone: (201) 488-5400
Fax: (201) 488-5855
Email:FAgostino@Agostinolaw.com

</div>