GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*By:* Peter Aronoff
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone: (212) 637-2697
peter.aronoff@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL T. COHEN, individually, and as the EXECUTOR OF THE ESTATE OF ARIELLE HART COHEN,<br><br>Plaintiffs,<br><br>- versus -<br><br>UNITED STATES OF AMERICA,<br>Defendant. | **ANSWER**<br><br>No. 17 Civ. 7660 (LAK) (HBP) |

Defendant the United States of America (the "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answers the correspondingly numbered paragraphs of the complaint of plaintiffs Michael T. Cohen, individually, and as the executor of the estate of Arielle Hart Cohen, ECF No. 1, on information and belief as follows:

### INTRODUCTION[1]

1. Paragraph 1 consists of characterizations of plaintiffs' claims, to which no response is required.

---

[1] For convenience, section headings of the complaint are included, but they are not part of the Government's response to the complaint.

## THE PARTIES

2. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Admits.

## JURISDICTION

5. Paragraph 5 consists of characterizations of plaintiffs' claims, to which no response is required.

6. Admits that the Internal Revenue Service ("IRS") disallowed a portion of plaintiffs' claimed deduction for a purported charitable contribution of property purportedly made pursuant to 26 U.S.C. § 170, but denies that its disallowance was in error.

7. Denies, except admits that plaintiffs were not entitled to a tax refund from IRS because any overpayment would have been more than offset by a gross valuation misstatement penalty pursuant to 26 U.S.C. § 6662(h).

8. Paragraph 8 consists of legal conclusions, to which no response is required.

## VENUE

9. Paragraph 9 consists of legal conclusions, to which no response is required.

10. Admits.

11. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Paragraph 12 consists of legal conclusions, to which no response is required.

## FACTS COMMON TO ALL COUNTS

13. Paragraph 13 restates prior paragraphs. The Government adopts its corresponding responses.

The Subject Property

14. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Admits.

16. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Admits.

20. Denies, except admits that the National Register of Historic Places was authorized by the National Historic Preservation Act of 1966.

21. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

The Grant of the Easement and the Cash Donation to the Trust

23. The allegations of paragraph 23 consist of a characterization of a document, which speaks for itself and is the best evidence of its contents; but the Government admits that Mr. Cohen executed a purported conservation deed of easement in 2007.

24. Paragraph 24 consists of legal conclusions, to which no response is required.

25. Paragraph 25 consists of legal conclusions, to which no response is required.

26. Admits.

27. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Admits.

29. The allegations of paragraph 29 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

30. The allegations of paragraph 30 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

31. The allegations of paragraph 31 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

32. The allegations of paragraph 32 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

33. Paragraph 33 consists of legal conclusions, to which no response is required.

The 2007 Appraisal

34. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, except admits that Jerome Haims Realty appraised the Easement.

35. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, except admits that Mr. Haims prepared an appraisal of the property at issue with a report dated December 4, 2007.

37. Admits.

The Original Return

38. Admits.

39. Admits.

40. The allegations of paragraph 40 consist of plaintiffs' characterization of one or more documents, which speaks for themselves and are the best evidence of their contents.

41. The allegations of paragraph 41 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

The Audit

42. Admits.

43. Admits.

The 2013 Appraisal

44. Admits.

45. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, except admits that Mr. Miller prepared an appraisal report of the property at issue.

47. Admits.

48. The allegations of paragraph 48 consist of Plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

49. The allegations of paragraph 49 consist of Plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

The Claim for Refund

50. Admits.

51. Admits.

52. The allegations of paragraph 51 consist of Plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

Administrative Proceedings

53. Admits.

54. Admits.

55. The allegations of paragraph 55 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

56. The allegations of paragraph 56 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

57. The allegations of paragraph 57 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

58. Admits.

59. The allegations of paragraph 59 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

60. Paragraph 60 consists of a legal conclusion, to which no response is required; to the extent a response is required, admits.

**COUNT ONE**

61. Paragraph 61 realleges previous paragraphs; the Government incorporates its previous responses.

Qualified Conservation Contribution

62. Paragraph 62 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

63. Paragraph 63 consists of a legal conclusion, to which no response is required.

64. Paragraph 64 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

65. Paragraph 65 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

66. Paragraph 66 consists of a legal conclusion, to which no response is required.

67. Paragraph 67 consists of a legal conclusion, to which no response is required.

68. Paragraph 68 consists of a legal conclusion, to which no response is required.

69. Paragraph 69 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

70. Paragraph 70 consists of a legal conclusion, to which no response is required, except admits that the Residence was listed in the National Register of Historic Places.

71. Paragraph 71 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

Charitable Contribution Deduction Amount

72. Denies.

73. Denies.

Contemporaneous Written Acknowledgment

74. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. Paragraph 75 consists of a legal conclusion, to which no response is required.

76. The allegations of paragraph 76 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

77. The allegations of paragraph 77 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

78. The allegations of paragraph 78 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

79. The allegations of paragraph 79 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

The Appraisal Summary

80. Admits.

81. Paragraph 81 consists of a legal conclusion, to which no response is required.

82. Admits.

83. The allegations of paragraph 83 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

84. The allegations of paragraph 84 consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents.

85. Paragraph 85 consists of a legal conclusion, to which no response is required.

Qualified Appraisal Report

86. Paragraph 86 consists of a legal conclusion, to which no response is required, except admits that plaintiffs submitted an appraisal in support of their original return.

87. Paragraph 87 consists of a legal conclusion, to which no response is required. The lettered subparts consist of characterizations of a document, which speaks for itself.

Qualified Appraiser

88. Paragraph 88 consists of a legal conclusion, to which no response is required, except admits that that plaintiffs submitted an appraisal in support of their original return.

89. Paragraph 89 consists of a legal conclusion, to which no response is required.

    a. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.a.

    b. The Government lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.b.

    c. Paragraph 89.c consists of a legal conclusion, to which no response is required.

    d. The allegations of paragraph 89.d consist of plaintiffs' characterization of a document, which speaks for itself and is the best evidence of its contents, except admits that a declaration by Mr. Haims was attached to the original return.

    e. Paragraph 89.e consists of a legal conclusion to which no response is required, except the Government denies that in the cited decisions, Mr. Haims was found to be a "qualified appraiser" by the Tax Court, and avers that in each instance, the parties stipulated that Haims was a "qualified appraiser."

**COUNT TWO**

90. Paragraph 90 realleges previous paragraphs; the Government incorporates its previous responses.

91. Denies.

92. Denies.

93. Admits.

94. Paragraph 94 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

95. Paragraph 95 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

96. Paragraph 96 consists of a legal conclusion, to which no response is required; to the extent a response is required, denies.

The remainder of the complaint consists of plaintiffs' request for relief, to which no response is required. To the extent a response is required, the Government denies plaintiffs are entitled to the relief sought, or to any relief whatsoever.

AFFIRMATIVE DEFENSE

The complaint fails to state a claim on which relief may be granted.

*[remainder of this page intentionally left blank]*

The Government may have additional defenses which are not known at this time but which may become known through discovery. Accordingly, the Government reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: April 9, 2018
      New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:   /s/ Peter Aronoff
PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2697
Facsimile: (212) 637-2717
E-mail: peter.aronoff@usdoj.gov